KLEIN, J.
The trial court found, after a non-jury trial, that the appellee real estate broker was entitled to a commission for finding a buyer for the sellers’ property. The sellers appeal because the offer obtained by the broker did not conform to their offer to sell. We reverse.
The sellers owned two separate buildings at one location, containing a total of ten rental apartments. They signed a listing agreement with the broker, and the agreement provided that a commission would be due if the seller refused an offer at the price and terms stated in the listing agreement.
The broker then produced a buyer; however, the contract provided that the sellers would deliver the property as “ten separately deeded condominium units.” Although the broker submitted two more contracts from the same buyer, each of them suffered from the same deficiency as the first one, containing the requirement that the rental apartments be deeded as condominium units. After the sellers refused to sign the third contract, the prospective buyer lost interest and the broker sued for a commission, contending that it had produced a ready, willing and able buyer. The trial court found in favor of the broker and the sellers appeal.
There is no evidence in the record that the apartments were owned as condominiums or that the apartments could have been converted into condominiums by the sellers in order to meet the terms of the offer produced by the broker. The trial court, although it made findings of fact, did not address the discrepancy between the conveyance described in the buyer’s offer, and the condition of the title in the sellers’ offer. The broker does not assert that the sellers could have satisfied the title requirement in the offer, but rather argues that the buyer had no concern as to whether these apartments were condominiums or not. The buyer, according to the broker, was willing to accept title in the form in which it existed. That position is in fact supported by some evidence introduced by the broker at trial; however, that evidence did not establish that this was understood *390 by the buyer and sellers when the offer to buy was submitted to the sellers. The broker has not furnished us with any authority that this substantial difference between what the sellers owned, and what the offer required them to convey, could be rectified by testimony as to the buyer’s intent.
We accordingly reverse the judgment, as well as the order awarding attorney’s fees, and remand for entry of a judgment in favor of the sellers. We also authorize the trial court to award attorney’s fees for the trial court litigation to the sellers, as prevailing parties under the listing contract.
WARNER and HAZOURI, JJ., concur.